ORIGINAL

ELLIOT ENOKI #1528
Acting United States Attorney
District of Hawaii

THOMAS C. MUEHLECK   #3591
Chief, Drug and Organized
Crime Section

CHRIS A. THOMAS      #3514
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  541-2850

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG - 9 2017

at 10 o'clock and 35 min. A M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 16-00451-05 JMS |
| Plaintiff, | MEMORANDUM OF PLEA AGREEMENT |
| vs. | Date:  August 9, 2017 <br> Time:  10:00 a.m. |
| MAX BRAVO,        (05) | Judge: Honorable J. Michael <br> Seabright |
| Defendant. | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal

Procedure, the UNITED STATES OF AMERICA, by its attorney, the

United States Attorney for the District of Hawaii, and the

Defendant, MAX BRAVO, and his attorney, AARON WILLS, Esq., have

agreed upon the following:

1.   Defendant acknowledges that he has been charged

in the Indictment with violating one count of Title 21, United

1

States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(Count 1 –
Conspiracy to possess with intent to distribute 50 grams or more
of methamphetamine); and one count of violating Title 21, United
States Code, Sections 841(a)(1) and 841(b)(1)(A) (Count 3 –
Possession with intent to distribute 50 grams or more of
methamphetamine).

      2.   Defendant has read the charges against him
contained in the Indictment, and the charges have been fully
explained to him by his attorney.

      3.   Defendant fully understands the nature and
elements of the crimes with which he has been charged.

      4.   Defendant will enter a voluntary plea of guilty
to Count 1 of the Indictment.  In return for Defendant's
agreement to plead guilty to Count 1, the United States Attorney
agrees to dismiss Count 3 after sentencing and to not object to
Defendant's participation in this case being classified as a
minor participant pursuant to § 3B1.2 of the U.S. Sentencing
Guidelines.

      5.   Defendant agrees that this Memorandum of Plea
Agreement shall be filed and become part of the record in this
case.

6.   Defendant enters this plea because he is in fact guilty of possessing with intent to distribute 50 grams or more of methamphetamine.

7.   Defendant understands that the penalties for the offense to which he is pleading guilty include:

a.   Not less than 10 years and up to life imprisonment, a fine of up to $10,000,000, plus a term of supervised release of not less than five years.

b.   At the discretion of the Court, defendant may also be denied any or all federal benefits, as that term is defined in 21 U.S.C. § 862, (a) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances.  If this is defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 U.S.C. § 862(d).

c.   In addition, the Court must impose a $100 special assessment as to the count to which the Defendant is pleading guilty.  Defendant agrees to pay $100 for each count to

3

which he is pleading guilty to the District Court's Clerk's
Office, to be credited to said special assessments, before the
commencement of any portion of sentencing.  Defendant
acknowledges that failure to make such full advance payment in a
form and manner acceptable to the prosecution will allow, though
not require, the prosecution to withdraw from this agreement at
its option.

> 8.   Defendant admits the following facts and agrees
that they are not a detailed recitation, but merely an outline
of what happened in relation to the charge to which Defendant is
pleading guilty:

> On December 17, 2015, a search warrant for a USPS
parcel was obtained.  Found within the parcel was approximately
two (2) pounds of methamphetamine.  A beeper and tracker warrant
was obtained.  The methamphetamine was removed and replaced with
pseudo methamphetamine with the exception of a one (1) gram
representative sample of actual methamphetamine.  A beeper and
tracker device were installed into the subject parcel along with
sirchie powder.

> On December 18, 2015, a controlled delivery was set up
for the subject parcel.  The subject parcel was delivered to the
residence of defendant.  Law enforcement officers observed the
subject parcel taken into defendant's apartment accompanied by

defendant and codefendants Adam BOGEMA and David FRYE. Eventually, surveillance units were alerted that the subject parcel was opened. DEA agents and officers entered defendant's apartment and the subject parcel was on the floor, opened, and in the hallway in plain view.

Defendant waived his constitutional rights, agreed to give a statement, and also consented to a search of the apartment. Defendant admitted that he retrieved the box from the larger mailbox locker, using the key that was left in his mailbox. He then brought the box upstairs and left the box on the floor near the door. Defendant stated that the box was for BOGEMA. Defendant stated that FRYE asked him if it was okay to have a box sent to his address. Defendant stated that he knew that the box would contain methamphetamine. Defendant said that FRYE set up the parcels to be delivered to Defendant's residence and that BOGEMA would receive the boxes. BOGEMA gave to Defendant the tracking number for the box on 12/16 or 12/17 and asked Defendant to check on the box. Defendant called BOGEMA to let him know that the box arrived. Defendant stated that BOGEMA took the box and opened it. Defendant then saw BOGEMA pacing around his residence and appeared to be angry and was yelling and swearing to someone on his cellular phone. Defendant asked FRYE if it was bunk and FRYE said that it was. Defendant

5

admitted that he received two boxes prior to the subject parcel. Defendant retrieved the boxes and the boxes were later picked up by FRYE who had a key to Defendant's residence.  BOGEMA paid Defendant $200 per box and also bought him dinner.

Law enforcement submitted the methamphetamine from the parcel to the DEA Southwest Laboratory for scientific analysis, which revealed the suspected methamphetamine to be d-methamphetamine HCl with a net weight of 882.9 grams at 99% purity for an actual weight of 874 grams.

9.    Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10.    Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

a.    The United States Attorney agrees not to object to Defendant's participation in this case being

6

classified as a minor participant pursuant to § 3B1.2 of the
U.S. Sentencing Guidelines.

b.    The United States Attorney agrees that
Defendant is eligible for the safety valve in accordance with
the provisions of § 5C1.2 of the U.S. Sentencing Guidelines.

c.    The United States Attorney agrees that
Defendant's agreement herein to enter into a guilty plea
constitutes notice of intent to plead guilty in a timely manner,
so as to permit the government to avoid preparing for trial as
to Defendant.  Accordingly, the United States Attorney
anticipates moving in the Government's Sentencing Statement for
a one-level reduction in sentencing offense level pursuant to
Guideline § 3E1.1(b)(2), if defendant is otherwise eligible.  The
Defendant understands that notwithstanding its present
intentions, and still within the Agreement, the prosecution
reserves the rights (1) to argue to the contrary in the event of
receipt of new information relating to those issues, and (2) to
call and examine witnesses on those issues in the event that
either the probation office finds to the contrary of the
prosecution's intentions or the Court requests that evidence be
presented on those issues.

11.   The parties agree that notwithstanding the
parties' Agreement herein, the Court is not bound by any

7

stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12.   The Defendant is aware that he has the right to appeal his conviction and the sentence imposed.  Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, both his conviction and any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a.   The Defendant also waives his right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that Defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b.   If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was

8

determined under Section 3742 and to challenge that portion of her sentence in a collateral attack.

        c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

        13. The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

        14. The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

        15. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.   If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial.  The trial could be either a jury trial or a trial by a judge sitting without a jury.  The Defendant has a right to a jury trial.  However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b.   If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c.   If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

10

d.   At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.  Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on his own behalf.  If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e.   At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

f.   At a trial, Defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substances charged in the Indictment.

16.   Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.  Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

17.   Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor

11

agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

18.   Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

19.   Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

//
//
//
//
//
//
//
//
//

12

DATED:   Honolulu, Hawaii, _August 9, 20.7_ .

AGREED:

ELLIOT ENOKI
Acting United States Attorney
District of Hawaii


_TMuehleck_____          _May + Bernard. Bravo_____
THOMAS C. MUEHLECK                    MAX BRAVO
Chief, Drug and Organized Crime       Defendant


_____      _____
CHRIS A. THOMAS                       AARON WILLS, Esq.
Assistant U.S. Attorney               Attorney for Defendant


U.S. v. Max Bravo
Cr. No. 16-00451-05 JMS
Memorandum of Plea Agreement